FILED
CLERK, U.S. DISTRICT COURT

2005 MAY 11  P 3: 20

BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSE VELAZQUEZ,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ORDER<br><br><br><br>Civil Case No. 2:05-CV-402 TC<br><br>Criminal Case No. 2:96-CR-149 TC |

On April 22, 2002, Mr. Jose Velazquez (Velazquez-Meza) plead guilty to possession of methamphetamine with intent to distribute. On August 22, 2002, the court sentenced him to 120 months in custody with sixty months supervised release to follow.

On September 6, 2002, Mr. Velazquez appealed his conviction to the Tenth Circuit Court of Appeals. On October 29, 2003, the court affirmed Mr. Velazquez's conviction. Mr. Velazquez did not file a petition for *certiorari*. On May 5, 2005, Mr. Velazquez filed this petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.

Mr. Velazquez's § 2255 motion must be denied because it is time-barred. For purposes of a petition under § 2255, if a prisoner does not file a petition for writ of *certiorari* with the United States Supreme Court after his direct appeal, the one-year limitation period begins to run when the time for filing a *certiorari* petition expires. In this case, the one-year limitation period began to run on January 27, 2004, ninety days after the Tenth Circuit Court of Appeals affirmed

the conviction. See United States of America v. Gale F. Burch, 202 F.3d 1274, 1279 (10th Cir. 2000). Therefore, for his motion to be timely, Mr. Velazquez's § 2255 motion had to be filed no later than January 27, 2005. Mr. Velazquez filed his § 2255 motion on May 5, 2005. Consequently, his §2255 motion is time-barred.

## ORDER

For the foregoing reason, the § 2255 Motion is DENIED.

DATED this 7 day of May, 2005.

BY THE COURT:

*[signature]*

TENA CAMPBELL
United States District Judge