IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSE VELAZQUEZ,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ORDER AND MEMORANDUM<br><br>DECISION<br><br><br><br>Civil Case No. 2:05-CV-402 TC<br><br>Criminal Case No. 2:96-CR-149 TC |

On April 22, 2002, Mr. Jose Velazquez plead guilty to possession of methamphetamine with intent to distribute. On August 22, 2002, the court sentenced him to 120 months in custody with 60 months supervised release to follow.

On September 6, 2002, Mr. Velazquez appealed his conviction to the Tenth Circuit Court of Appeals. On October 29, 2003, the Court affirmed Mr. Velazquez's conviction. <u>United States v. Velasquez-Meza</u>,[1] 76 Fed.Appx. 926 (10th Cir. 2003). Mr. Velazquez did not file a petition for a writ of *certiorari*. On May 5, 2005, Mr. Velazquez filed a petition pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence.

In an order dated May 7, 2005, this court denied Mr. Velazquez's petition on the ground that it was time-barred. Subsequently, Mr. Velazquez filed a "Motion for Rehearing Notice of

---

[1] In his pleadings in this court, petitioner gives his name as "Velazquez." The Tenth Circuit, however, refers to him as "Velasquez-Meza."

Appeal Request for Certificate of Appealability pursuant to 28 U.S.C. § 2253." In this motion, Mr. Velazquez maintained that he was not informed by his attorney that his appeal had been denied on October 29, 2003. According to Mr. Velazquez, had he known that he appeal had been denied, he would have directed his attorney to file a petition *certiorari*. Further, Mr. Velazquez asserts that he would then have filed his petition under 28 U.S.C. § 2255 in a timely manner. Assuming, without deciding, that equitable tolling is appropriate in this case (see Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999), Mr. Velazquez's petition must still be denied for the reasons discussed below.

In his petition, Mr. Velazquez raises several arguments, many of which are somewhat difficult to understand, pertaining to errors allegedly made by his trial counsel at the time of sentencing. Mr. Velazquez appears to argue first, that his trial counsel was ineffective for failing to argue that he was entitled to a reduction under the guidelines as a minor participant. Next, Mr. Velazquez makes several claims relying on Apprendi v. New Jersey, 530 U. S. 466 (2000) and United States v. Booker, 125 S. Ct. 738 (2005). He contends that he was entitled to receive the benefit of a departure under the "safety value, 18 U.S.C. § 3553(f);" that he should not have received an enhancement for obstruction of justice; and that the standard of proof used by the court to determine the amount of methamphetamine involved was incorrect.

On direct appeal, Mr. Velazquez raised basically these same issues. The Tenth Circuit rejected Mr. Velazquez's arguments. The Court first found that the district court did not err in concluding that Mr. Velazquez did not qualify for relief under the safety valve. Accordingly, because Mr. Velazquez plead guilty to possession of over 100 grams of methamphetamine with

intent to distribute, under 21 U.S.C. §841(d)(viii), he was subject to the minimum mandatory sentence of ten years, the sentence which the district court imposed.  Finally, the Tenth Circuit Court of Appeals noted that Mr. Velazquez's other arguments challenging his sentence were moot in view of the statutory minimum.

Accordingly, because these issues were previously decided on direct appeal, Mr. Velazquez's petition is dismissed.  See Wright v. U. S., 182 F.3d 458, 467 (6th Cir. 1999), U. S. v. Mazak, 789 F.2d 580,581 (7th Cir.1986).

DATED this 8th day of July, 2005.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge